FILED
SEP 13 2011
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **United States Commodity Futures Trading Commission,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**Douglas Elsworth Wilson, Elsworth Berg Capital Management LLC, Elsworth Berg Inc., and Elsworth Berg FX LLC,**<br><br>**Defendants.** | **Case No: 3:11-cv-1651**<br><br>**Hon. William Q. Hayes**<br><br>**CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF** |

On July 27, 2011, Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") filed a Complaint for Injunctive and Other Equitable Relief and Penalties under the Commodity Exchange Act ("Complaint") (Dkt. 1) against defendants Douglas Elsworth Wilson ("Wilson"), Elsworth Berg Capital Management LLC ("EBCM"), Elsworth Berg Inc. ("EBI") and Elsworth Berg FX ("EBFX") (collectively "Defendants") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC

Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008). Specifically, the CFTC's Complaint alleges that through a combination of direct liability and derivative liability pursuant to Section 13(b) of the Act (controlling person liability), Section 2(a)(1)(B) of the Act and Commission Regulation 1.2 (*respondeat superior* liability) and the common enterprise doctrine: (1) defendants EBCM, EBI, and Wilson have engaged, are engaging, or are about to engage in conduct in violation of Section 4b(a)(2)(i), (ii), (iii) of the Act, 7 U.S.C. § 6b(a)(2)(i), (ii), (iii) (2006), and Section 4b(a)(1)(A), (B), (C) of the Act as amended, to be codified at 7 U.S.C. § 6b(a)(1)(A), (B), (C); (2) all defendants have engaged, are engaging, or are about to engage in conduct in violation of Section 4b(a)(2)(A), (C) of the Act as amended, to be codified at 7 U.S.C. § 6b(a)(2)(A), (C); (3) defendants EBCM, EBI, and Wilson have engaged, are engaging, or are about to engage in conduct in violation of Section 4*o*(1)(A), (B) of the Act, 7 U.S.C. § 6*o*(1)(A),(B) (2006); (4) defendants EBCM and Wilson have engaged, are engaging, or are about to engage in conduct in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2006); and (5) defendants EBCM and Wilson have engaged, are engaging, or are about to engage in conduct in violation of Section 4k(2) of the Act, 7 U.S.C. § 6k(2) (2006).

On August 19, 2011, this Court entered a Consent Statutory Restraining Order prohibiting the withdrawal, transfer, removal, dissipation, concealment, or disposition of Defendants' assets, prohibiting the destruction of or prevention of CFTC access to Defendants' books and records, and providing for other relief. (Dkt. 13.) The Consent Statutory Restraining Order instructed Plaintiff to file its Motion for Preliminary Injunction ("Motion") within two business days following entry of the Consent Statutory Restraining Order, and Plaintiff filed the Motion on August 23, 2011, seeking an order enjoining Defendants from committing further violations of the Act, as amended, to be codified at 7 U.S.C. § 1 *et seq.*, as well as freezing assets, requiring an accounting, preventing the destruction of and allowing Commission access to

books and records, preventing Defendants from participating in certain trading, registration, and other activities regulated by the Act, and granting other equitable relief. (Dkt. 14.)

Defendants Wilson, EBCM, EBI, and EBFX, without admitting or denying the allegations of the CFTC's Complaint for the purposes of this Consent Order for Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which they admit, consent to the entry of this Order. Defendants state that their consent is voluntary and that no promise or threat has been made by the CFTC or any member, officer, agent, or representative thereof, to induce them to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1(a), which authorizes the CFTC to seek injunctive relief in a district court whenever it appears to the CFTC that a person or entity has engaged, is engaging, or is about to engage in any act or practice that constitutes a violation of any provision of the Act or any rule, regulation, or order promulgated thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), because Defendants transacted business in this District, and the acts and practices in violation of the Act have occurred, are occurring, or are about to occur within this District.

3. Defendants Wilson, EBCM, EBI, and EBFX waive the entry of findings of fact and conclusions of law for the purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. DEFINITIONS

For the purposes of this Order, the following definitions apply:

1. The term "assets" means any legal or equitable interest in, right to or claim to any real or personal property, including, but not limited to, chattels, goods, instruments, equipment,

fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies and all cash, wherever located.

2. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

3. "Defendants" means Douglas Elsworth Wilson ("Wilson"), Elsworth Berg Capital Management LLC ("EBCM"), Elsworth Berg Inc. ("EBI"), and Elsworth Berg FX LLC ("EBFX"), as well as any persons insofar as they are acting in the capacity of Defendants' agents, servants, successors, employees, assigns and attorneys, and all persons insofar as they are acting in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise.

## II. PRELIMINARY INJUNCTIVE RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

Defendants Wilson, EBCM, EBI, and EBFX are preliminarily restrained, enjoined, and prohibited, until further order of the Court, from directly or indirectly:

A. Cheating or defrauding or attempting to cheat or defraud any other person, or willfully deceiving or attempting to deceive any other person by any means whatsoever, in violation of Section 4b(a)(2)(A), (C) of the Act, 7 U.S.C. § 6b(a)(2)(A), (C);

B. As to defendants EBCM, EBI, and Wilson, cheating or defrauding or attempting to cheat or defraud any other person, or willfully deceiving or attempting to deceive any other person by any means whatsoever, in violation of Section 4b(a)(1)(A), (C) of the Act, 7 U.S.C. § 6b(a)(1)(A), (C);

C. As to defendants EBCM, EBI, and Wilson, making or causing to be made any false report or statement in violation of Section 4b(a)(2)(B) of the Act, 7 U.S.C. § 6b(a)(2)(B);

D. As to defendants EBCM, EBI, and Wilson, employing any device, scheme, or artifice to defraud any participant or prospective participant, or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any participant or prospective participant, by use of the mails or any means or instrumentality of interstate commerce, in violation of Section 4*o*(1)(A) and (B) of the Act, 7 U.S.C. § 6*o*(1)(A) and (B); and

E. As to Defendants EBCM and Wilson, acting in any capacity requiring registration with the Commission without the benefit of registration, in violation of Sections 4k(2) and 4m(1) of the Act, 7 U.S.C. §§ 6k(2) and 6m(1).

**IT IS FURTHER ORDERED THAT:**

Defendants Wilson, EBCM, EBI, and EBFX are further restrained, enjoined, and prohibited, until further order of the Court, from directly or indirectly:

A. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(29) of the Act, 7 U.S.C. § 1a(29) (2006));

B. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in Regulation 32.1(b)(1), 17 C.F.R. § 32.1(b)(1) (2011)) ("commodity options"), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for any personal account or for any account in which they have a direct or indirect interest;

C. Having any commodity futures, options on commodity futures, commodity options, and/or forex contracts traded on their behalf;

D. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, and/or forex contracts;

E. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, and/or forex contracts;

F. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011); and

G. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2011)), agent or any other officer or employee of any person registered, exempted from registration or required to be registered with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2011).

**IT IS FURTHER ORDERED THAT:**

Defendants, and all persons insofar as they are acting in the capacity of any Defendant's agent, servant, successor, employee, assign, and/or attorney, and all persons insofar as they are acting in active concert or participation with any Defendant who receive actual notice of this Order by personal service or otherwise, including email, facsimile, and UPS or other commercial overnight service, are further restrained, enjoined and prohibited, until further order of this Court, from directly or indirectly dissipating, withdrawing, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, converting, removing, transferring, concealing, or otherwise disposing of any cash, financial instruments, securities, personal property, cashier's checks, funds, assets, or other property of, or within the custody, control, or actual or constructive possession of any Defendant, whether held in the name of any Defendant or otherwise, and wherever held, including but not limited to all property held in safes or safe deposit boxes or on deposit with any financial institution, bank, savings and loan, brokerage firm, or futures commission merchant. The assets subject to this paragraph shall include both existing assets and income and assets acquired after the effective date of this Order.

Until further order of this Court, any financial institution, bank, savings and loan, brokerage firm, futures commission merchant, or other person or entity which holds, controls, or maintains custody of any such funds, securities, assets or other property of any kind held in any Defendants' name, either individually or jointly ("Asset Custodians"), and who receives notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service or other commercial overnight service, email, or facsimile is itself prohibited from, and must prohibit Defendants or any other person from, directly or indirectly withdrawing, removing,

assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such funds, securities, assets, or other property except as directed by further order of the Court. Pursuant to this prohibition, Asset Custodians shall deny Defendants or any other person access to any safe deposit box that is titled in the name of any Defendant, either individually or jointly, or that is otherwise subject to access by any Defendant.

The parties dispute whether assets in the client trust accounts of Defendants' attorneys Khuong Dan Tien (Cal. Bar No. 213502) and Todd C. Ringstad (Cal. Bar No. 97345) that were provided to attorneys Tien and Ringstad as an advanced payment for providing future legal services (the "Retainer Assets") should be excluded from the assets affected by the preceding two paragraphs. In an effort to narrow the scope of the parties' dispute and in the interest of judicial economy, the parties have resolved most issues raised by Plaintiff's Motion through this Consent Order, but seek a ruling from the Court with respect to the Retainer Assets. No later than September 27, 2011, Defendants shall file and send to Plaintiff by electronic mail an opposition to Plaintiff's Motion limited to the issue of whether the Retainer Assets should be excluded from the asset freeze contained in this Order. Plaintiff shall file any reply on or before October 7, 2011. Pending resolution of this issue, attorneys Tien and Ringstad agree not to and shall not withdraw, remove, or otherwise dispose of the Retainer Assets without leave of court.

**IT IS FURTHER ORDERED THAT:**

Within 30 days following entry of this Order, Defendants shall prepare, sign, and serve on Plaintiff a complete and accurate accounting for the period of February 1, 2006 to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

A. The names and last known addresses, phone numbers, and e-mail addresses of all pool participants and other customers;

B. All funds, securities, commodity interests, assets, and other property currently owned or controlled (legally, equitably, or otherwise) directly or indirectly by Defendants;

C. All funds, securities, commodity interests, assets, and other property received directly or indirectly by Defendants, whether individually or jointly, describing the source, amount, disposition, and current location of each listed item;

D. All funds, securities, commodity interests, assets, and other property transferred or otherwise disposed of directly or indirectly by Defendants describing the source, amount, disposition, and current location of each listed item, including accounts or assets of Defendants held by financial institutions located outside the territorial United States; and

E. The name and last known address of each bailee, debtor, or other person or entity currently holding any funds, securities, commodity interests, assets, or other property owned or controlled (legally, equitably, or otherwise) by Defendants, either individually or jointly.

In the event that the accounting is not or cannot be completed within 30 days following entry of this Order, Defendants shall notify Plaintiff of such and provide Plaintiff with Defendants' best estimate of the time necessary to complete the accounting. Thereafter, Defendants shall be entitled to additional time to complete and serve the accounting, not to exceed 30 additional days, for a total of 60 days following entry of this Order. Further, if requested by Plaintiff at any time, Defendants shall provide Plaintiff with the portion of the accounting that has been completed as of the time of the request.

**IT IS FURTHER ORDERED THAT:**

Defendants, as well as their agents, servants, employees, successors, assigns, attorneys, and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service or other commercial overnight service, email or facsimile, are restrained and enjoined from directly or indirectly destroying, mutilating, concealing, altering or disposing of, in any manner, any of the books and records, documents, correspondence, brochures,

manuals, electronically stored data, tape records or other property of Defendants, wherever located, including all such records concerning their business operations.

**IT IS FURTHER ORDERED THAT:**

Upon reasonable written notice from Plaintiff, Defendants shall permit representatives of Plaintiff to immediately inspect the books, records, and other electronically stored data, tape recordings, and other documents of Defendants and their agents, including all such records of Defendants' business operations, wherever they are situated and whether they are in the possession of Defendants or others, and to copy said documents, data, and records either on or off the premises where they may be situated and whether they are in the possession of Defendants or others.

Defendants and their agents, servants, employees, successors, assigns, attorneys and all persons insofar as they are acting in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly refusing to make available for inspection by Plaintiff, when and as requested, any books, records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Defendants wherever located, including, but not limited to, all such records of Defendants' business operations.

Nothing herein shall amount to, be construed as, or constitute a waiver of any attorney-client privilege or of the attorney work product doctrine.

**IT IS FURTHER ORDERED THAT:**

The injunctive provisions of this Order shall be binding on Defendants, upon any person insofar as he or she is acting in the capacity of officer, agent, servant, employee or attorney of Defendants, and upon any person who receives actual notice of this Order by personal service or otherwise, including by Federal Express, United Parcel Service or other commercial overnight

service, email or facsimile, insofar as he or she is acting in active concert or participation with Defendants.

## III. BOND NOT REQUIRED OF PLAINTIFF

**IT IS FURTHER ORDERED THAT:**

Pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a 1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## IV. STAY

**IT IS FURTHER ORDERED** that except by leave of the Court, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, or in the name of Defendants, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Defendants or any property claimed by Defendants, or attempting to foreclose, forfeit, alter or terminate any Defendant's interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of any Defendant; and

D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of Defendants. This paragraph does not stay the

commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## V. ADDITIONAL DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED**, pending further Order of this Court, that all Asset Custodians, as well as any other entity that has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of any Defendant at any time since February 1, 2006, shall, if it has not already done so:

A. Provide counsel for the CFTC, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of any Defendant, or owned, controlled, managed, or held by, on behalf of, or for the benefit of any Defendant; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of any Defendant or is otherwise subject to access by any Defendant;

B. Upon request by the CFTC, promptly provide the CFTC with copies of all records or other documentation pertaining to such account or asset, including but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instructions or slips, currency transactions reports, 1099 forms, and safe deposit box logs; and

C. Otherwise cooperate with all reasonable requests of the CFTC relating to implementation of this Order.

The disclosure obligations imposed by Sections V(A), (B), and (C) above shall not apply to the Retainer Assets. Instead, no later than September 22, 2011, attorneys Tien and Ringstad shall provide Plaintiff with (A) a copy of all retainer agreements related to any Defendant; and (B) an accounting of the Retainer Assets, including (1) the date and amount of all contributions to the Retainer Assets; (2) the individual or entity that made each contribution to the Retainer Assets, and the bank account or other source from which the contribution was made; (3) the date and amount of all withdrawals from the Retainer Assets; and (4) the current balance of the Retainer Assets. Attorneys Tien and Ringstad must also cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including but not limited to by providing records or documentation pertaining to the Retainer Assets. Nothing herein shall require attorneys Tien and Ringstad to disclose information related to their clients other than Defendants, which may be redacted from any requested records or documentation, or shall amount to, be construed as, or constitute a waiver of any attorney-client privilege or of the attorney work product doctrine.

## VI. SERVICE OF THE ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including by way of personal service, Federal Express, United Parcel Service or other commercial overnight service, email or facsimile, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant or that may be subject to any provision of this Order. Theodore Z. Polley III, William Janulis, and Melissa Glasbrenner, all employees of plaintiff CFTC, are hereby specially appointed to serve process, and/or effectuate service of process, including this Order and all other papers in this cause.

**VII. SERVICE ON THE COMMISSION**

**IT IS FURTHER ORDERED** that Defendants shall serve all pleadings, correspondence, and notices required by this Order, and other materials on plaintiff Commission by delivering a copy to Theodore Z. Polley III, Senior Trial Attorney, or William P. Janulis, Senior Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe, Suite 1100, Chicago, Illinois 60661.

**VIII. COURT MAINTAINS JURISDICTION**

**IT IS FURTHER ORDERED** that this Preliminary Injunction shall remain in full force and effect during the pendency of this case, or until further order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes related to this action.

**IT IS SO ORDERED.**

**DATED:** 9/12/11

**WILLIAM Q. HAYES**
United States District Judge