# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br>vs.<br>DOUGLAS ELSWORTH WILSON; ELSWORTH BERG CAPITAL MANAGEMENT LLC; ELSWORTH BERG INC.; ELSWORTH BERG FX LLC,<br><br>    Defendants. | CASE NO. 11cv1651 WQH (BLM)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for an Order of Preliminary Injunction filed by Plaintiff United States Commodity Futures Trading Commission. (ECF No. 14).

I. **Background**

On July 27, 2011, Plaintiff Commodity Futures Trading Commission ("CFTC") filed a Complaint for Injunctive and Other Equitable Relief and Penalties under the Commodity Exchange Act against defendants Douglas Elsworth Wilson ("Wilson"), Elsworth Berg Capital Management LLC ("EBCM"), Elsworth Berg Inc ("EBI") and Elsworth Berg FX ("EBFX"). (ECF No. 1). Plaintiff also filed an Application for Statutory Restraining Order, seeking injunctive relief pursuant to Section 6c(a) of the Commodity Exchange Act. (ECF No. 3).

On August 12, 2011, the parties filed a Joint Motion for an Order Entering a Consent Statutory Restraining Order. (ECF No. 12). On August 18, 2011, the Court entered the

1  Consent Statutory Restraining Order prohibiting the withdrawal, transfer, removal, dissipation,
2  concealment, or disposition of Defendants' assets. (ECF No. 13). The Consent Statutory
3  Restraining Order allowed Defendant Wilson "to withdraw up to $6,000 per month" from a
4  bank account held in his name "to pay for living expenses." *Id.* at 4.

5       On August 23, 2011, Plaintiff filed a Motion for Preliminary Injunction seeking an order
6  enjoining Defendants from committing further violations of the Commodity Exchange Act. The
7  preliminary injunction also sought to freeze Defendants' assets, require an accounting, prevent
8  destruction of books and records, allow CFTC access to books and records, and prevent
9  Defendants from participating in certain trading, registration, and activities regulated by the
10 Commodity Exchange Act. (ECF No. 14).

11      On September 12, 2011, the parties filed a Joint Motion for Entry of Consent Order of
12 Preliminary Injunction ("Consent Order"). (ECF No. 16). On September 13, 2011, the Court
13 issued the Consent Order. (ECF No. 17). The Consent Order prohibits Defendants "or any
14 other person from, directly or indirectly withdrawing, removing, assigning, transferring,
15 pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of
16 any such funds" held in the name of any Defendant. (ECF No. 17 at 6-7). The Consent Order
17 did not resolve whether assets provided to attorneys Khoung Dan Tien and Todd C. Ringstad
18 as a retainer for future legal services were excluded from the asset freeze. However, the
19 Consent Order provides that "attorneys Tien and Ringstad agree not to and shall not
20 withdraw, remove, or otherwise dispose of the retainer assets without leave of court." *Id*. at
21 7.

22      On September 27, 2011, Defendants filed an Opposition to Plaintiff's Motion for
23 Preliminary Injunction regarding the retainer assets. (ECF No. 18). On October 7, 2011,
24 Plaintiff filed a Reply. (ECF No. 21). Plaintiff also filed the supplemental declaration of
25 Melissa Glasbrenner and exhibits 1 through 14 which included: attorney-client fee
26 agreements; retainer checks and records of legal payments; a collateral liability calculation;
27 cash activity summaries and bank account statements; the collateral reserve trust agreement;
28 investigative testimony and results of the asset freeze; checking account deposit details; and

1 brochures and letters regarding Defendant companies.

2 On December 2, 2011, the Court issued an Order stating: "Plaintiff U.S. Commodity Futures Trading Commission has submitted the supplemental declaration of Melissa M. Glasbrenner and exhibits 1-14 with its reply in support of the motion for preliminary injunction. Defendant may file a surreply by December 12, 2011." (ECF No. 23). To date, Defendants have failed to file a surreply.

**II.     Contentions of the Parties**

Plaintiff contends that the retainer assets are "within the scope of the general freeze" which was granted by the Consent Order. (ECF No. 21 at 6). Plaintiff contends that Defendants received $1,003,945 in life insurance benefits which were placed in trust for the benefit of Defendants' clients to serve as security "in the event of trading losses." *Id*. at 5. Plaintiff contends that all retainer assets held by Tien and Ringstad are "directly traceable" to the life insurance benefits. *Id.* Plaintiff contends that the frozen assets are well below the amount needed to pay restitution. Plaintiff contends that the retainer assets "belong to defrauded customers" and cannot be used to pay Defendants' legal fees, regardless of whether business organizations can appear pro se. *Id*. at 6. Plaintiff contends that Defendant Wilson can proceed pro se if he is unable to hire counsel to represent him in this matter.

Defendants contend that the retainer assets should not be subject to the asset freeze because they were placed in client trust accounts for future legal services prior to August 13, 2011, the date the parties requested that a Consent Order be issued by the Court. (ECF No 18 at 3). Defendants contend that defendant corporations "must be represented by and appear only with legal counsel" who will not appear without payment. *Id.* at 4. Defendants contend that Defendant Wilson has no resources to hire an attorney. Attorney Ringstad contends that his firm is currently owed $13,756 for services rendered from August 1, 2011 to August 31, 2011. Attorney Tien contends that he is owed $7,710 for services rendered in August 2011. Defendants contend that the remaining $84,251.33 of the retainer assets should be released to cover the cost of litigation.

**III.    Discussion**

The Commodity Exchange Act authorizes the grant of a injunction or restraining order against a defendant: "[w]henever it shall appear to the [CFTC] that any registered entity or other person has engaged, is engaging, or is about to engage in any act or practice constituting a violation." 7 U.S.C. § 13a-1(a). The Commodity Exchange Act states: "upon a proper showing, a permanent or temporary injunction or restraining order shall be granted without bond." 7 U.S.C. § 13a-1(b). "Actions for statutory injunctions need not meet the requirements for an injunction imposed by traditional equity jurisprudence. Once a violation is demonstrated, the moving party need show only that there is some reasonable likelihood of future violations." *CFTC v. Hunt*, 591 F.2d 1211, 1220 (7th Cir. 1979).

When there would otherwise be insufficient funds available to compensate victims, the district court "may, within its discretion, forbid or limit payment of attorney fees out of frozen assets." *CFTC v. Nobel Metals International*, 67 F.3d 766, 775 (9th Cir. 1995) (citation omitted). When funds are linked directly to the fraud, it would frustrate the purpose of the regulation to allow the defendant to use funds for attorney fees. *CFTC v. Co Petro Marketing Group*, 680 F.2d 573, 584 (9th Cir. 1982) (citing *Hunt*, 591 F.2d at 1223).

An individual who is a party to an action may represent himself by proceeding pro se. *See* CivLR 83.11. Corporations cannot proceed pro se in court; however, they do not have a Sixth Amendment right to counsel in a civil case. *Rowland v. California Men's Colony*, 506 U.S. 194, 206 (1993) (holding that appointment of counsel permitted for a litigant proceeding in forma pauperis does not apply to "artificial entities."); *see also Turner v. Rogers*, __ U.S. __, 131 S.Ct. 2507, 2516 (2011) .

Defendants EBI, EBCM, and EBFX are businesses co-founded by Defendant Wilson. Wilson is President of EBCM and EBI, and is a member of the EBFX. EBI, EBCM, and EBFX provide financial services to individual investors, managing customer investments in foreign currency and commodity futures.

Plaintiff has submitted evidence to show that EBI, EBCM and EBFX served more than sixty customers with investments totaling $4.4 million. Defendants' brochures state that customer investments are "100% secured by a beneficial interest in the Collateral Reserve

Trust" which was held to "secure all Account Contributions in the event of trading losses." (ECF No. 21-1 at 5). Defendants' internal accounting calculates the total collateral liability to customers at over $3.8 million. The total available frozen assets equals approximately $700,000.

Plaintiff has submitted evidence to show that on September 7, 2010, $1,003,945 was deposited into a savings account held by Defendant EBI. The money represented life insurance benefits from a policy that was held by Defendant EBI as part of the Collateral Reserve Trust. From September 7, 2010 through August 31, 2011, $424,025 was transferred from the Collateral Reserve Trust account to Defendant EBI's checking account.

Plaintiff has submitted evidence to show that on October 29, 2010, Defendants hired attorney Tien after receiving notice of a pending administrative action by the California Department of Corporations. Defendants provided Tien with an initial retainer of $80,000. The money originated from the checking account held by Defendant EBI. An additional $50,000 was transferred to Tien from the checking account held by Defendant EBI.[1] Attorney Tien maintains a client trust account for Defendants with a current balance of $55,906.60.

Plaintiff has submitted evidence to show that on November 30, 2010, Defendants EBCM, EBI, EBFX, and other business entities retained attorney Ringstad to serve as counsel for a Chapter 11 bankruptcy. On December 2, 2010, Defendants provided Rindstad with an initial retainer of $50,000. The money originated from the checking account held by Defendant EBI. On June 13, 2011, an additional $50,000 was transferred to Ringstad from the checking account held by Defendant EBI. Attorney Ringstad maintains a client trust account for Defendants with a current balance of $28,344.73.

The evidence in the record shows that the assets frozen by the Consent Order are less than the amount owed to the alleged victims. The evidence in the record shows that the retainer assets originated from a fund directly traceable to life insurance benefits which were set aside

---

[1] The date of this transfer is in dispute. Defendants contend that it occurred on July 31, 2011. (EFC No. 18 at 2). Plaintiff contends that the second $50,000 transfer was made on August 1, 2011. (EFC No. 21 at 4). Both dates are after July 27, 2011, the date that Plaintiff filed its first Motion for Statutory Restraining Order. Both dates are prior to the issuance of the Consent Statutory Restraining Order on August 18, 2011.

exclusively for Defendants' customers.  The Court concludes that Plaintiff has submitted sufficient evidence to show that it is entitled to a statutory injunction and that the retainer assets are not excluded from the injunction. Defendants have submitted no evidence to show that they have a legitimate right to the retainer assets or that the assets frozen by the Consent Order exceeds the amount owed to the alleged victims.  The Court concludes that the amount of $55,906.60 maintained by attorney Tien in a client trust account and the amount of $28,344.73 maintained by attorney Ringstad in a client trust account are within the scope of the assets frozen by the Consent Order.

**IV.    Conclusion**

IT IS HEREBY ORDERED that the Motion for an Order of Preliminary Injunction filed by Plaintiff United States Commodity Futures Trading Commission (ECF No. 14) is GRANTED. Plaintiff shall submit a proposed order of preliminary injunction no later than ten days from the date of this Order.

DATED:  December 20, 2011

                                                    **WILLIAM Q. HAYES**
                                                    United States District Judge