# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION,<br><br>           Plaintiff,<br>    vs.<br><br>DOUGLAS ELSWORTH WILSOON, et al,<br><br>           Defendant. | CASE NO. 11-cv-1651-GPC-BLM<br><br>**ORDER DENYING CUSTOMER'S EMERGENCY MOTION FOR A HEARING**<br><br>[DKT. NO. 68] |

Presently before the Court is Customers Ronald White and Linda White ("Customers") emergency motion for a hearing. For the reasons set out below, the Court **DENIES** Customers' emergency motion for a hearing.

**BACKGROUND**

The only pending issue before the Court is the approval of the Partial Restitution Distribution Plan, which will determine the distribution of funds currently in the court registry to Customers who were defrauded by the Defendants. (Dkt. No. 40.) Pursuant to Court order, the parties have filed a "Preliminary Plan" and a "Revised Recommendation." (Dkt. Nos. 39, 42.) On September 12, 2012, the Court ordered the Revised Recommendation be mailed to Customers of the Defendants, with a three week period for customers to file objections. (Dkt. No. 54.) On November 14, 2012, Customer Ronald White filed an objection the Revised Recommendation.

(Dkt. No. 63.) On November 16, 2012, Plaintiff filed a response to Customers' objections. (Dkt. No. 64.)

On January 11, 2013, Customers Ronald and Linda White filed an emergency motion for a hearing. (Dkt. No. 68.) Customers request an emergency hearing to ask the Court to distribute the court registry funds to the Customers. (Id.) The Customers raised similar objections which they lodged with the Court on November 14, 2012. (Dkt. No. 63.) Customers failed to request a hearing date for the emergency motion; however the Court granted review of the request without a hearing date. Local Civil Rule 7.1 (b).

## DISCUSSION

Under Bankruptcy law, a party may request expedited action on a motion on the ground that, to avoid irreparable harm, relief is needed in less time than would normally be required for the district court to receive and consider a response. Fed. R. Bankr. P. 8011(d). An emergency motion must be accompanied by an affidavit setting forth the nature of the emergency. (Id.) The court reserves discretion to grant or deny an emergency motion without further hearing. A denial without a hearing is not a decision on the merits. *See* Cal. Prac. Guide Bankruptcy Ch. 19-F.

Here, Customers' motion states that they are in serious financial hardship, and ask the Court to order the distribution of the court registry funds. (Dkt. No. 68.) Customers state that they have lost over 2 million dollars over the last many years. (Id. at 2.) In the instant case, however, Customers claimed to have lost $327,000 as a result of Defendants fraud. (Id. at 2.) The motion further indicates that Customers have filed or will imminently file for bankruptcy under Chapter 13. (Id. at 3.) The Customers request an emergency hearing to plead before the Court to use the "Net Loss Method," as opposed to the "Rising Tide Method," which is currently before the Court in the Revised Restitution Distribution plan.

Although the Customers are in a difficult financial situation, the Court finds these reasons insufficient for an emergency hearing in the present case. The Customers have already submitted their objections to the proposed Partial Restitution Distribution Plan. (Dkt. No. 68.) The Court further finds that an emergency hearing on the redistribution plan is not relevant to the foreclosure of Customers' home or their overall financial situation. Accordingly, the Court hereby **DENIES**

Customers' emergency motion for a hearing.

The Court recognizes that many Customers await the order for the distribution of funds in the court registry. As such, the Court has taken the matter under submission, and will issue the ruling shortly.

**SO ORDERED.**

DATED: January 23, 2013

_____
HON. GONZALO P. CURIEL
United States District Judge